IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANDREW J. YATES<br>9820 Glenmar Parkway<br>Findlay, Ohio 45840<br><br>              Plaintiff,<br>  -vs-<br><br>CEO8 CONSULTING, LLC<br>c/o Drew Mihalik, Registered Agent<br>400 South Main Street<br>Findlay, Ohio 45840<br><br>and<br><br>CHRISTOPHER OSTRANDER<br>71 Inverness Drive<br>Bluffton, South Carolina 29910<br><br>              Defendants. | Case No. _____<br><br>Judge_____<br><br><br>**COMPLAINT** |

* * *

For his Complaint against Defendants CEO8 Consulting, LLC and Christopher Ostrander, Plaintiff Andrew Yates alleges as follows:

**Overview of Claim**

1. Plaintiff Andrew Yates and Defendant CEO8 Consulting, LLC (owned by Defendant Christopher Ostrander) are parties to a written Investment Agreement, which governs their rights as members of a limited liability company called Liberty Ridge Properties, LLC. The Investment Agreement gives Yates the right to buy the membership interest of CEO8 at a specified price. CEO8 has refused to sell its interest. Yates seeks specific performance of the Investment Agreement, along with any damages caused by CEO8's and Ostrander's conduct.

18648556v1

**The Parties**

2.     Plaintiff Andrew Yates ("Yates") is an individual residing in Findlay, Ohio.

3.     Defendant Ostrander is an individual residing in South Carolina.

4.     Defendant CEO8 Consulting, LLC ("CEO8") is a limited liability company formed under the laws of the State of Ohio. On information and belief, Ostrander is the sole member of CEO8.

**Jurisdiction and Venue**

5.     This Court has diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. Yates is domiciled in and is a citizen of the State of Ohio. Ostrander is domiciled in and is a citizen of the State of South Carolina. For diversity jurisdiction purposes, CEO8 is considered to be a citizen of the State of South Carolina, where its sole member (Ostrander) is domiciled. With respect to the amount in controversy, the specified sale price of the membership units at issue exceeds $900,000.

6.     This Court has personal jurisdiction over Ostrander and CEO8. Ostrander was previously a resident of Hancock County, Ohio, and has regularly transacted business and entered into contracts in the State of Ohio, including with respect to Liberty Ridge Properties, LLC, an Ohio limited liability company that has developed and owned real estate properties in the State of Ohio. Ostrander has conducted such business through CEO8, a company formed under the laws of the State of Ohio.

7.     Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and a substantial part of the property that is the subject of the action is situated here. Specifically, this dispute involves ownership of an Ohio company that owns and develops real estate in Hancock County, Ohio, and

the parties' rights are governed by written agreements that were negotiated and entered into in Hancock County, Ohio.

## Factual Allegations

8. In 2016, Yates formed Liberty Ridge Properties, LLC ("Liberty Ridge"), an Ohio limited liability company, for the purpose of developing high-end residential townhomes in the Findlay, Ohio area. Originally, Yates was the sole member of Liberty Ridge.

9. In 2017, CEO8—a company owned and controlled by Ostrander—loaned Liberty Ridge $500,000.

10. Effective July 15, 2017, Yates, CEO8, and Liberty Ridge entered an Investment Agreement, whereby Liberty Ridge and Yates agreed to convert the $500,000 loan to equity and to grant CEO8 a minority equity interest in Liberty Ridge, in exchange for an additional $200,000 investment by CEO8. A copy of the Investment Agreement is attached as Exhibit A.

11. The Investment Agreement provides that the Yates has the right to repurchase CEO8's membership units. Specifically, Section 4 of the Investment Agreement provides:

> At any time during the term of this Agreement, the Company or Yates shall have the right to repurchase the membership units of CEO8. The purchase price of the units for any repurchase which occurs before January 1, 2021 shall be equal to CEO8's minimum repurchase price for the corresponding year of the purchase as set forth in the table below plus an additional sum of One Hundred Forty Thousand Dollars ($140,000.00). The purchase price of the units for any repurchase which occurs after January 1, 2021 shall be equal to CEO8's minimum repurchase price for the corresponding year of the purchase as set forth below:

| Year | Minimum Repurchase Price |
|---|---|
| 0 | $700,000.00 |
| 1 | $700,000.00 |
| 2 | $754,480.00 |
| 3 | $824,742.00 |
| 4 | $899,108.00 |
| 5 | $977,791.00 |

12. Section 7 of the Investment Agreement provides that the Effective Date of the Agreement is July 1, 2017, and that "[t]he period between the Effective Date and December 31, 2017 shall be considered 'Year 0' as used in this Agreement. After Year 0, each year of the Agreement shall be deemed to commence on January 1st and end on December 31." Section 8 provides that the term of the Investment Agreement is 5 years and 6 months, meaning that the term of the Agreement ended on December 31, 2022.

13. At several points throughout 2022, Yates verbally told Ostrander that Yates intended to repurchase the shares of CEO8. On December 18, 2022, Liberty Ridge's attorney emailed Ostrander the documents to complete the repurchase of the shares.

14. In order to minimize tax consequences, Yates had elected to structure the purchase as a Section 1031 like-kind exchange of real estate (a "1031 Exchange"). This was a commercially reasonable election that would have resulted in no increased tax liability for CEO8 or Ostrander. All documents necessary to complete this transaction were provided to Ostrander by Liberty Ridge's attorney by December 18, 2022. Ostrander simply had to execute them in order to complete the transaction. Ostrander never objected to the transaction being structured as a 1031 Exchange.

15. CEO8 and Ostrander, however, failed and refused to complete the transaction by December 31, 2022, instead creating new demands and conditions that were never part of the Investment Agreement.

16. In particular, Ostrander demanded to be released as personal guarantor on certain loans for which Liberty Ridge was the primary obligor. The release of guarantees, however, is not a condition to Yates' right to repurchase CEO8's shares. Moreover, such releases depend on the approval of other entities not parties to the Investment Agreement. Nevertheless, Yates made a

good faith effort to obtain the releases. But given the late date of Ostrander's demand, and the fact that the releases were dependent on the decisions of third parties, Yates was not able to obtain such releases prior to December 31, 2022.

17. CEO8 and Ostrander failed to complete the transaction by December 31, 2022, citing the failure to obtain releases of Ostrander's personal guarantees as an excuse. Then, CEO8 and Ostrander took the position that the Investment Agreement had expired as of December 31, 2022, and that Yates no longer had the right to repurchase CEO8's membership units. CEO8 and Ostrander have continued to maintain the position that Yates no longer has the right to repurchase CEO8's units.

18. In reality, CEO8 and Ostrander are simply trying to retain valuable membership units to which they are not entitled. Yates has been successful in developing Liberty Ridge's business, and CEO8 and Ostrander are attempting to renege on the Investment Agreement in order to reap that value for themselves.

19. At all relevant times, Yates has been ready, willing, and able to complete the repurchase of CEO8's membership units, and he has had sufficient funds available to complete the transaction. Yates remains ready, willing, and able to complete the transaction under the terms specified in the Investment Agreement, and he is still holding funds sufficient to complete the transaction.

## FIRST CLAIM—BREACH OF CONTRACT

### (Against CEO8, LLC)

20. Yates incorporates the preceding allegations.

21. The Investment Agreement is a valid and binding contract that gives Yates the right to purchase CEO8's membership units in Liberty Ridge for a specified price.

22. Yates has complied with all of his obligations under the Investment Agreement.

23. CEO8 has breached the Investment Agreement by failing and refusing to sell its membership units to Yates as specified in the Investment Agreement.

24. In addition, CEO8 has breached the implied covenant of good faith and fair dealing by refusing to cooperate with Yates in accomplishing the purchase of CEO8's shares via a 1031 Exchange—a commercially reasonable method of completing the transaction at no additional cost to CEO8.

25. The Investment Agreement contains certain and unambiguous terms, and the Liberty Ridge membership units represent unique property interests. Accordingly, Yates is entitled to an order of specific performance requiring CEO8 to sell to Yates its Liberty Ridge membership units on the terms specified in the Investment Agreement.

26. In addition, CEO8's breaches have caused or have the potential to cause Yates to suffer damages, including increased tax liability and costs associated with the delay in finalizing the purchase of CEO8's membership units.

## **SECOND CLAIM—TORTIOUS INTERFERENCE WITH CONTRACT**
## **(Against Christopher Ostrander)**

27. Yates incorporates the preceding allegations.

28. The Investment Agreement is a valid and binding contract between Yates, CEO8, and Liberty Ridge. Ostrander is not a party to the Investment Agreement.

29. Ostrander had knowledge of the Investment Agreement.

30. Ostrander intentionally caused CEO8 to breach the Investment Agreement in order to benefit himself personally, in that he demanded to be released from his personal guarantees as a condition to CEO8 complying with its contractual obligations.

31. Ostrander lacked any justification for his actions.

32. Yates has been damaged by Ostrander's actions, in that he has been deprived of his ownership of the Liberty Ridge membership units and has suffered or will suffer other damages, including increased tax liability and other costs associated with the delay in finalizing the purchase of CEO8's membership units.

33. As a result of his intentional wrongdoing, Ostrander is liable to Yates for compensatory and punitive damages.

WHEREFORE, Plaintiff Andrew Yates demands judgment against Defendants CEO8, LLC and Christopher Ostrander as follows:

A. An order of specific performance requiring CEO8, LLC to sell its membership units in Liberty Ridge, LLC to Andrew Yates on the terms specified in the Investment Agreement.

B. Compensatory damages (including pre-judgment and post-judgment interest) and punitive damages in an amount to be determined at trial.

C. Attorney fees' and costs and expenses of suit.

D. All other relief that this Court deems just and proper.

Dated: May 5, 2023

_____
Matthew T. Kemp (0093136)
Joseph D. Jakubowski (0099741)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone:  (419) 241-9000
Facsimile:   (419) 241-6894
Email:  mkemp@shumaker.com
           jjakubowski@shumaker.com

Attorneys for Plaintiff

# EXHIBIT A

## INVESTMENT AGREEMENT

This Investment Agreement is entered into this 15th day of July, 2017, by and among Andrew J. Yates, (hereinafter "Yates"), CEO8 Consulting, LLC, an Ohio Limited Liability Company, (hereinafter "CEO8") and Liberty Ridge Properties, Ltd., an Ohio Limited Liability Company, (the "Company").

**WHEREAS**, Yates is the sole member of the Company which entity is the owner of multi-family residential real estate development known as The Townhomes of Liberty Ridge (the "Project"); and

**WHEREAS**, CEO8 has previously provided financing for the development of the Project in the form of a promissory note from the Company and Yates to CEO8 in the amount of Five Hundred Thousand Dollars ($500,000.00), (the "Loan"); and

**WHEREAS**, Yates has determined that additional funds are necessary to proceed with the development of the Project; and

**WHEREAS**, CEO8 is willing to provide additional funding for the Project in exchange for equity in the Company.

**NOW THEREFORE**, in consideration of the mutual agreements contained herein, the parties agree as follows:

**1. Additional Contribution.** In addition to the funds provided under the Loan, CEO8 shall provide the sum of Two Hundred Thousand Dollars ($200,000.00) to the Company in consideration for the equity interest transferred pursuant to this Agreement. Said additional contribution shall be paid to the Company upon the execution of this Agreement.

**2. Grant of Equity.** In consideration of the above additional consideration and the previous extension of the Loan to the Company, the Company shall issue Fifty-five and 8/10 (55.8) membership units of the Company to CEO8. Upon the issuance of these membership units to CEO8, the Loan shall be considered paid in full and CEO8's equity account with the Company shall be credited in the amount of Seven Hundred Thousand Dollars ($700,000.00).

**3. Minimum Distributions.** Regardless of any requirements of the Company's operating agreement, but subject to the exception below, during the term of this Agreement, CEO8 shall receive minimum distributions from the Company in the following amounts:

| Year | Minimum Distribution |
|------|----------------------|
| 0    | $0                   |
| 1    | $67,741.00           |

INVESTMENT AGREEMENT = PAGE 2

| | |
|---|---|
| 2 | $68,442.00 |
| 3 | $155,045.00 |
| 4 | $149,021.00   440, 249 |
| 5 | $150,511.00 |

and Yates shall receive minimum distributions from the Company in the following amounts:

| Year | Minimum Distribution |
|---|---|
| 0 | $0 |
| 1 | $12,075.00 |
| 2 | $42,444.00 |
| 3 | $102,838.00 |
| 4 | $111,441.00 |
| 5 | $112,556.00 |

If the Company does not have sufficient earnings to make the above described distributions in any year of this Agreement, the distributions for that year shall be reduced proportionally based on the number of membership units owned by each member, however the amount of any shortage in the distribution due to CEO8 in any year will be deducted from Yates' distribution for the following year and added to CEO8's next year's distribution, thereby increasing that following year's distribution by the amount of the preceding year's shortage. Any distribution shortages which may be due to CEO8 at the end of the term of this Agreement shall be paid in full by the Company to CEO8 within six (6) months of the end of the term of this Agreement. Any distributions in excess of the minimum amounts set forth in this Paragraph shall be allocated proportionally based on the number of membership units owned by each member.

**4.     Repurchase of Membership Units.** At any time during the term of this Agreement, the Company or Yates shall have the right to repurchase the membership units of CEO8. The purchase price of the units for any repurchase which occurs before January 1, 2021 shall be equal to CEO8's minimum repurchase price for the corresponding year of the purchase as set forth in the table below plus an additional sum of One Hundred Forty Thousand Dollars ($140,000.00). The purchase price of the units for any repurchase which occurs after January 1, 2021 shall be equal to CEO8's minimum repurchase price for the corresponding year of the purchase as set forth below:

| Year | Minimum Repurchase Price |
|---|---|
| 0 | $700,000.00 |
| 1 | $700,000.00 |

INVESTMENT AGREEMENT = PAGE 3

| | |
|---|---|
| 2 | $754,480.00 |
| 3 | $824,742.00 |
| 4 | $899,108.00 |
| 5 | $977,791.00 |

Should the Company elect to repurchase CEO8's membership units, in addition to the payment of the minimum repurchase price, CEO8 shall also receive a prorated payment of the minimum distribution for that year of the Agreement. The Company's election to repurchase CEO8's membership units shall be made solely on the unilateral determination of Yates, and CEO8 shall be considered to have made an election to repurchase the units upon such determination by Yates.

**5.     Additional Members.** If an additional member is added to the Company during the term of this Agreement, that party shall not be granted an ownership interest greater than thirty-three percent (33%). The issuance of additional membership units by the Company to any such new member, shall not however reduce the ownership interest of CEO8 to less than Twenty-four percent (24%) nor shall it reduce the ownership interest of Yates to less than Forty-three percent (43%).

**6.     Unit Pledge.** To provide additional security for CEO8's investment in the Company, Yates shall execute and deliver to CEO8 a Membership Unit Pledge Agreement of even date herewith, whereby, upon any uncured default by the Company or Yates under the terms of this Agreement, the membership units of Yates in the Company shall be transferred to CEO8. The parties hereto acknowledge that the pledge described in this Paragraph and the execution of the pledge agreement shall be a condition of CEO8's execution of this Agreement.

**7.     Effective Date.** The Effective Date of this Agreement shall be July 1, 2017. The period between the Effective Date and December 31, 2017 shall be considered "Year 0" as used in this Agreement. After Year 0, each year of the Agreement shall be deemed to commence on January 1st and end on December 31. All distributions shall be made on a quarterly basis and all adjustments to equity accounts shall be made on or before December 31st of each year of this Agreement for the next year.

**8.     Term.** The term of this Agreement shall be five (5) years and six (6) months. Upon the end of the term of this Agreement, all restrictions on minimum equity account balances and minimum distributions shall cease, with the exception that CEO8's equity account shall never be less than the amount established in year 5 of the Agreement. Except as set forth in this Paragraph 8, the determination of equity balances and distributions shall be based on the financial performance of the Company, and all distributions and equity account adjustments will be made based on ownership percentages as set forth in the Operating Agreement.

INVESTMENT AGREEMENT = PAGE 4

**9.** **Warranties and Representations of Company.** The Company hereby warrants, represents and agrees to and with CEO8 as follows:

a. Company has full, complete, and absolute title to the membership units to be distributed to CEO8 pursuant to this Agreement.

b. The title of Company to said membership units is free and clear of any lien, charge, or encumbrance.

d. The Company has not entered into any agreements with any third parties for the distribution or transfer of the membership units except as provided herein.

e. The Company is duly organized and existing under and by virtue of the laws of the State of Ohio, and is in good standing under the laws of State of Ohio. The membership units are valid and nonassessable, and no assessment is outstanding against the same or any part thereof.

f. The Company has neither created or incurred any liabilities of any kind, including contingent liabilities, except as previously disclosed to, or known by CEO8.

g. Company is not aware of any litigation or outstanding claims of third parties threatened against the Company except as previously disclosed to CEO8.

h. The Company has not violated any federal, state, or municipal law, statute, rule or regulation, including securities laws, required to be observed which would result in liability to the Companies.

**10.** **Continuing Warranties.** The warranties, representations, and agreements set forth herein shall be continuous and shall survive the delivery by Company and the receipt by CEO8 of the membership units to be distributed hereunder.

**11.** **Consent of Members.** Yates, as the sole member of the Company, consents to the terms of this Agreement and agrees to and acknowledges CEO8 as a member of the Company. CEO8 agrees to be bound by the terms of the Company's Operating Agreement, as amended, as a condition of ownership of the membership units.

**12.** **Injunctive Relief.** The parties hereto agree that the remedy or remedies at law for any breach of any provision of this Agreement will be inadequate and that in addition to any other remedies that they may have, the parties shall be entitled to temporary and permanent injunctive relief without the necessity of proving actual damage.

INVESTMENT AGREEMENT = PAGE 5

**13. Choice of Law.** It is the intention of the parties that the laws of Ohio should govern the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties of the parties.

**14. Counterpart Execution.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.

**15. Parties in Interest.** All the terms and provisions of this Agreement shall be binding upon and inure to the benefit of, and be enforceable by, the parties hereto and their successors and assigns.

**16. Survival of Warranties.** The representations, warranties, conditions and agreements herein contained shall survive the transfer of membership units and continue in full force and effect after the consummation of the transaction contemplated herein.

**17. Integrated Agreement.** This Agreement constitutes the entire Agreement between the parties hereto, revoking any previous agreement of the parties, and there are not agreements, understandings, restrictions, warranties, or representations between the parties other than those set forth herein or herein provided for.

**18. Indemnification.** Should CEO8 be required to personally guarantee any of the obligations of the Company during the term of this Agreement, Yates agrees to indemnify and hold CEO8 harmless from any claim or charge of any third-party creditor arising from the personal guaranty provided by CEO8.

The parties have hereunto set their hands the date and day first set forth above.

CEO8 CONSULTING, LLC, an Ohio
Limited Liability Company

By: _____
Christopher Ostrander, Member

"CEO8"

_____
Andrew J. Yates

"YATES"

INVESTMENT AGREEMENT = PAGE 6

LIBERTY RIDGE PROPERTIES, LLC, an Ohio
Limited Liability Company

By: _____
Its Member

"COMPANY"