UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrew J. Yates,                                        Case No. 3:23-cv-930

            Plaintiff,

    v.                                                    MEMORANDUM OPINION
                                                      AND ORDER

CEO8 Consulting, LLC, et al.,

            Defendants.

## I. INTRODUCTION

Defendants CEO8 Consulting, LLC and Christopher Ostrander have filed a motion to dismiss the claims alleged by Plaintiff Andrew J. Yates. (Doc. No. 5). Plaintiff filed a brief in opposition to Defendants' motion, (Doc. No. 6), and Defendants filed a reply. (Doc. No. 7). For the reasons stated below, I deny Defendants' motion to dismiss.

## II. BACKGROUND

In 2016, Yates formed Liberty Ridge Properties, LLC "for the purpose of developing high-end residential real-estate in the Findlay, Ohio, area." (Doc. No. 1 at 3). In 2017, CEO8 Consulting, of which Ostrander is the sole member, loaned Liberty Ridge $500,000. Later that year, Yates, CEO8 Consulting, and Liberty Ridge executed the Investment Agreement. (*Id.* at 8-14).

Through the Agreement, CEO8 Consulting invested an additional $200,000 into Liberty Ridge. In exchange, CEO8 Consulting's $500,000 loan was converted into equity and CEO8 Consulting was granted a minority membership interest in Liberty Ridge and the right to periodic distributions from Liberty Ridge. The Investment Agreement also provided Yates with the right to

repurchase the membership interest from CEO8 Consulting at a specified minimum price during the term of the Investment Agreement.

With the term of the Agreement set to expire on December 31, 2022, Yates alleges he informed Ostrander of his intent to repurchase the shares from CEO8 Consulting several times over the course of 2022. He further asserts these verbal representations culminated into an email sent from Yates's attorney to Ostrander on December 18, 2022, which contained documents providing that Yates would repurchase the shares through "a Section 1031 like-kind exchange of real estate." (*Id.* at 4). Yates contends CEO8 Consulting and Ostrander responded by "creating new demands and conditions that were never part of the Investment Agreement." (*Id.*). Specifically, Yates claims, "Ostrander demanded to be released as a personal guarantor on certain loans for which Liberty Ridge was the primary obligor." (*Id.*).

While Yates attempted to timely satisfy the demands, he was unable to do so prior to December 31, 2022. As such, CEO8 Consulting and Ostrander refused to complete the repurchase transaction prior to the expiration of the term of the Agreement. They have since taken the position that Yates's right to repurchase expired with the term of the Agreement and have refused to sell CEO8 Consulting's membership interest in Liberty Ridge back to Yates. Because of this, Yates filed this action alleging a claim of breach of contract against CEO8 Consulting and a claim of tortious interference with contract against Ostrander.

CEO8 Consulting and Ostrander now move to dismiss Yates's entire complaint for lack of subject matter jurisdiction under Rule 12(b)(1) or, in the alternative, to dismiss the claim of tortious interference with contract against Ostrander under Rule 12(b)(6). (Doc. No. 5 at 1).

### III.  RULE 12(B)(1) MOTION TO DISMISS

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). Here, Defendants contend that, contrary to Yates's assertion, this court lacks original diversity jurisdiction over the matter.

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

The Complaint contains the following jurisdictional allegations:

2. Plaintiff Andrew Yates ("Yates") is an individual residing in Findlay, Ohio.

3. Defendant Ostrander is an individual residing in South Carolina.

4. Defendant CEO8 Consulting, LLC ("CEO8") is a limited liability company formed under the laws of the State of Ohio. On information and belief, Ostrander is the sole member of CEO8.

(Doc. No. 1 at 2).

Defendants do not challenge the accuracy of these jurisdictional allegations and acknowledge the Sixth's Circuit's "controlling" rule regarding the citizenship of an LLC. (Doc. No. 5 at 7, Doc. No. 7 at 1). Still, Defendants' counsel suggests I should deviate from this rule and apply a different "approach." (Doc. No. 7 at 1). But as he is well aware, "a district court is bound by the decisions of the Circuit Court of Appeals in which it sits." *Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 782 (E.D. Mich. 2008). Therefore, I reject his invitation to defy well-settled, binding precedent and caution him against making such arguments in the future.[1]

---

[1] In the motion to dismiss, Defendants' counsel also suggests the citizenship of a party may change over the course of the litigation, arguing, "If Mr. Ostrander would move back to Ohio, where he previously lived for many years, diversity jurisdiction would cease to exist and negate what may

3

Because Yates is a citizen of Ohio and Defendants are citizens of South Carolina, complete diversity exists and this court has original diversity jurisdiction over this case. Therefore, I reject Defendants' argument that this case should be dismissed for lack of subject matter jurisdiction.

### IV. RULE 12(B)(6) MOTION TO DISMISS

Rule 12 also provides for the dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Relying on Ohio Revised Code § 1706.26, Ostrander alleges Yates's claim of tortious interference with contract against him must be dismissed under Rule 12(b)(6). In doing so, he argues that, as a member of CEO8 Consulting, he cannot be held personally liable for CEO8 Consulting's alleged breach of contract unless Yates is able to make a showing of veil piercing. But this is an argument for dismissal of a breach of contract claim, not a claim of tortious interference with contract.

While Ostrander asserts "there is controlling Ohio statutes and state and federal case law that governs the exact scenario we have in this case which is a tort claim against the sole member of an LLC for an alleged breach of contract by the LLC of which the defendant is a member," (Doc. No. 7 at 4), he cites no analogous case. In fact, aside from his critique of a case cited by Yates, he cites no case involving an LLC or a tortious interference with contract claim. Because Ostrander states no legal argument to support dismissal of the tortious interference with contract claim asserted against him here, he has failed to satisfy his Rule 12(b)(6) burden.

---

possibly be years of litigation." (Doc. No. 5 at 8). But "[i]t is well settled, for example, that federal-diversity jurisdiction depends on the citizenship of the parties at the time suit is filed." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003). While Defendants' counsel quoted *Dole Foods* in his motion to dismiss, he failed to acknowledge this "well settled" precedent. (*See* Doc. No. 5 at 6). In any case, he wisely abandoned this argument in his reply brief.

## V. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is denied. (Doc. No. 5). Defendants shall file their Answer to the Complaint on or before January 31, 2024.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge